In the Matter of Frazier Davidson, an Attorney, Respondent. Association of the Bar of the City of New York, Petitioner.

First Department, January 30, 1962.

*Raymond P. Whearty* of counsel (*Eric Nightingale,* attorney), for petitioner.

*Frazier Davidson,* respondent in person.

*Per Curiam.* Respondent was admitted to the Bar in 1953. He has been charged with advising clients, a married couple, that they could obtain a divorce in South Carolina without appearance there. In furtherance of this plan, he had them sign papers here, which papers were purportedly executed in South Carolina and which contained allegations as to residence which he knew to be false. He was further charged with having these papers presented to a South Carolina court by a South Carolina attorney, and that a decree of divorce was issued, which decree he advised his clients was valid.

At a hearing respondent categorically denied the material facts embraced in this charge. Later he recanted his testimony and admitted them, admitting in addition efforts to conceal the truth, including destruction of his correspondence with the South Carolina attorney and efforts to dissuade his former clients from testifying against him.

His defense is that he had no intention of harming anyone by what he did, and there is an implication that economic pressure was behind his dereliction. He defends his original denials by putting the blame on his counsel. We need not in any degree accept this explanation as being truthful but, even if we did, it would still be unavailing. Advice of counsel may constitute an excuse under certain circumstance but a lawyer cannot find refuge in advice to commit deliberate perjury or engage in actions which have for their end the concealment of material facts.

Anyone fit to occupy a position at the Bar must take responsibility for testimony given of his own knowledge, and if he allows himself to be advised to swear falsely the violation is still his own inexcusable act. The respondent ought not retain his position at the Bar.

In view of the above it is unnecessary to consider the petitioner's second charge against the respondent.

The respondent should be disbarred.

BOTEIN, P. J., BREITEL, VALENTE, EAGER and STEUER, JJ., concur.

Respondent disbarred.